NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 02 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN A. GLASSER, Esquire, as successor to Marc S. Kirschner as trustee of the Yellowstone Club Liquidating Trust, | No. 14-56184 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-08283-GAF-SP |
| v. | |
| TIMOTHY L. BLIXSETH, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| CHRISTOPHER CONANT, former counsel for the Defendant, | |
| Third party - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 25, 2016
Pasadena, California

Before: KOZINSKI, PAEZ, and BERZON, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Christopher Conant ("Conant") appeals the district court's order granting sanctions against him for filing a frivolous counterclaim on behalf of his client, Timothy Blixseth ("Blixseth"). We reverse.

1.    The district court abused its discretion by ordering sanctions against Conant under 28 U.S.C. § 1927 because that section does not allow for the imposition of sanctions based on initial pleadings, such as a counterclaim. *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1076 (9th Cir. 2011); *In re Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996).

2.    The district court also erred in granting sanctions under its inherent powers. Before awarding sanctions under its inherent powers, a court "must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997) (internal quotation marks omitted). Such a finding "is warranted where an attorney knowingly or recklessly raises a frivolous argument." *Id.* at 649 (internal quotation marks omitted).

The district court concluded that Blixseth's counterclaim was frivolous for two reasons: 1) "it [was] asserted against Kirschner in his individual capacity, in violation of Federal Rule of Civil Procedure 13," and 2) "Blixseth [did] not [seek]

2

leave from the Bankruptcy Court to file the counterclaims against Kirschner in his official capacity, in contravention of *Barton* [*v. Barbour*, 104 U.S. 126 (1881)]."

As to the first reason, although Blixseth did improperly name Kirschner in his personal capacity, Blixseth promptly sought leave to amend his counterclaim to name Kirschner in his official capacity as trustee once the defect was brought to his attention. This quick response militates against a finding of bad faith.

As to the second reason, it is true that the *Barton* doctrine prohibits a claimant from suing a bankruptcy trustee without first receiving approval from the bankruptcy court. *In re Crown Vantage, Inc.*, 421 F.3d 963, 970-71 (9th Cir. 2005). Blixseth failed to obtain prior approval for his counterclaims against Kirschner. Nonetheless, this case involved the unusual situation where the bankruptcy trustee voluntarily and affirmatively filed suit in the Central District of California. In light of Conant's belief that Blixseth's counterclaims were compulsory, it was reasonable for Conant to include Blixseth's counterclaims in his responsive pleading without seeking leave of the bankruptcy court.

The district court also cited "the 'scorched earth' approach demonstrated by Blixseth in the bankruptcy and other proceedings" to support its finding of bad faith. But Blixseth's approach in other proceedings does not show that Conant acted in bad faith here. Although the counterclaims may ultimately have been

3

improper, Conant did not file them in bad faith and the district court should not

have imposed sanctions against him.

**REVERSED**.